**KAZEROUNI LAW GROUP, APC**
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
Ashley LaPointe, Esq. (365017)
ashley@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Tiana Perez

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIANA PEREZ,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| **v.** | |
| **UNITED WHOLESALE MORTGAGE LLC,** | **(1) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *ET SEQ.*; and** |
| **Defendant.** | **(2) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA"), CAL. CIV. CODE § 1785.1, *ET SEQ.*** |
| | |
| | **JURY TRIAL DEMANDED** |

- 1 -

**INTRODUCTION**

1.    The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA sees to it that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for consumers' right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.    In addition, the California legislature has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

3.    Credit reporting has become a vital and essential tool in our everyday lives, as creditors, potential creditors, landlords, lessors, and employers all use credit reporting as a basis for screening applicants and consumers to determine whether to enter into business relations with the applicant. As such, the CCCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.

4.    Plaintiff TIANA PEREZ ("Plaintiff"), through Plaintiff's attorneys, brings this lawsuit to challenge the conduct of Defendant UNITED WHOLESALE MORTGAGE, LLC ("UWM" or "Defendant"), with regard to Defendant's

COMPLAINT FOR DAMAGES

unauthorized and unlawful credit inquiry without a permissible purpose, which caused Plaintiff damages.

5.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.    While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.    Unless otherwise indicated, Plaintiff alleges that any violations by Defendants were knowing and intentional.

8.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9.    This This action arises out of Defendant's violations of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq* and (ii) the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1, *et seq*.

10.    This Court has federal question subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (FCRA), as Plaintiff alleges violations of a federal statute, the FCRA and 28 U.S.C. § 1367 for a supplemental state claim, which is related to claims in the action within such original jurisdiction and forms part of the same case or controversy under Article III of the United States Constitution.

11.    The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

COMPLAINT FOR DAMAGES

12. Personal jurisdiction and venue are proper in the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendant conducts significant business in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides in this judicial district, Defendants transact business here.

## INTRADISTRICT ASSIGNMENT

14. Because Plaintiff resides in Alameda County, under Local Rule 3-2(d), the proper venue for this case is the San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Oakland, County of Alameda, State of California.

16. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

17. Plaintiff is also a "person" as defined by Cal. Civ. Code § 1785.3(k).

18. Defendant is a limited liability company formed under the laws of the State of Michigan with principal place of business in Pontiac, Michigan. On information and belief, Defendant is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(k).

19. Plaintiff is informed and believes, and thereon alleges, that Defendant impermissibly acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by Cal. Civ. Code § 1785.3(c) and 15 U.S.C. § 1681a(d)(1).

COMPLAINT FOR DAMAGES

**STATUTORY BACKGROUND**

20.    The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the information collected about them.

21.    Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

22.    Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

23.    Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

24.    15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

25.    The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

26.     At all times relevant, Plaintiff is an individual residing within the State of California.

27.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducts and continues to conduct business in the State of California and within this District.

28.     Sometime in or around December 2025, Plaintiff was contemplating refinancing her home and began looking for potential lenders to assist her with the refinance.

29.     On or about December 11, 2025, Plaintiff sent a text message at approximately 3:00 p.m. to a UWM loan officer named Cyrus Mulitalo ("Cyrus").

30.     In this message, Plaintiff sent her December 2025 mortgage statement to Cyrus and stated that she was "[l]ooking for no closing costs or outside fees – maybe a lenders credit?"

31.     Cyrus responded on or about December 12, 2026, at approximately 9:20 a.m. stating that he would "look at getting [Plaintiff] all the bells and whistles for [Plaintiff's] refinance."

32.     Then, on or about December 16, 2025, at approximately 1:27 p.m. Plaintiff received a text message from Cyrus stating in part that his "processor is getting the file together and may have accidentally ran [Plaintiff's] credit" and that he wanted to give Plaintiff in case she stared to get a series of calls.

33.     Plaintiff immediately responded asking Cyrus whether it was a "[h]ard credit pull?" to which Cyrus responded, "I believe so."

34.     Frustrated a hard credit pull had been conducted without authorization, Plaintiff responded, "[o]h gosh how can we fix that?" Cyrus responded that he would "see what [he] could do."

35.     A few days later, Plaintiff reviewed her credit reports from Experian, Equifax, and Trans Union and confirmed the unauthorized hard inquiry by

- 6 -
COMPLAINT FOR DAMAGES

"CREDCO" occurred on or about December 16, 2025.

36.    Then, on or about December 29, 2025, at approximately 1:22 p.m., having received no further communications from Cyrus or any loan officer of Defendant, Plaintiff sent a text message to Cyrus requesting an update regarding the unauthorized credit inquiry.

37.    However, Cyrus failed to address the status of the unauthorized hard credit inquiry and whether Defendant would remove it from her credit report.

38.    Frustrated about the hard inquiry on her credit report and wanting a resolution, on or about January 7, 2026, Plaintiff called Defendant at telephone number (800) 981-8898. During that call, a representative of Defendant stated that they could not help Plaintiff with the unauthorized hard credit inquiry. Defendant then directed Plaintiff to contact CoreLogic Credco ("Credco") to resolve the unauthorized hard credit inquiry.

39.    Later that same day, Plaintiff called Credco at telephone number (800) 637-2422. Credco informed Plaintiff that it would submit a research request to find physical proof that Plaintiff authorized Defendant to pull her credit.

40.    Then, a few days later, Plaintiff received a letter dated January 11, 2026, from Credoc, which stated in pertinent part: "UNITED WHOLESALE MORTGAGE LLC informed [Credco] that it accessed [Plaintiff's] credit report pursuant to [Plaintiff's] verbal authorization in connection with a mortgage transaction."

41.    Plaintiff was shocked and frustrated upon receipt of this letter because she never provided verbal authorization or any other form of authorization for a hard credit pull. Indeed, in the text message sent to Plaintiff December 16, 2026, Cyrus admitted that the hard credit pull was conducted without Plaintiff's authorization.

42.    On or about January 20, 2026, Plaintiff called Defendant at telephone number (800) 981-8898. During the call, Plaintiff was again informed that Credco submitted a research request regarding the hard credit inquiry and Defendant claimed Plaintiff had provided verbal authorization for the inquiry, which Plaintiff did not

- 7 -
COMPLAINT FOR DAMAGES

provide.

43. On or about January 20, 2026, Plaintiff sent a text message to Cyrus informing him that she decided to proceed with a different lender and asking Cyrus for an update on removing the hard inquiry from her credit reports.

44. Cyrus never responded to Plaintiff's January 20, 2026.

45. Plaintiff did not give Defendant consent to access her consumer reports, nor did Plaintiff apply for credit with Defendant. Rather, in response to a simple inquiry from Plaintiff about Defendant's lending services (so that she could decide whether she wanted to apply for a refinance), Defendant unlawfully accessed Plaintiff's credit reports. What's worse is that Defendant conceded the impermissible access in writing to Plaintiff and fabricated a false narrative that it received verbal authorization, which is patently false. Therefore, Defendant obtained a consumer credit report from one or more Consumer Reporting Agencies, without a permissible purpose, and Defendant acted willfully or negligently in requesting the report.

46. 15 U.S.C. § 1681b sets forth the exclusive permissible purposes for using or accessing consumer reports. Defendant's inquiry into Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 168b.

47. Through this conduct, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report without consent and for impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

48. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA. 15 U.S.C. § 1681b(c).

49. Like the FCRA, Cal. Civ. Code § 1785.11 also sets for the exclusive permissible purposes for obtaining or using consumer credit reports in California. Defendant's inquiry into Plaintiff's consumer credit report information, without Plaintiff's consent, falls outside the scope of any permissible purpose authorized by Cal. Civ. Code § 1785.11.

COMPLAINT FOR DAMAGES

50. Upon information and belief, Defendant falsely represented to Credco that it had obtained Plaintiff's verbal authorization to access Plaintiff's consumer credit report. However, Plaintiff did not provide Defendant with any verbal authorization, written consent, or other permissible basis for Defendant to access Plaintiff's consumer credit report.

51. Defendant's false representations that it obtained verbal authorization demonstrates that Defendant knowingly and willfully obtained access to Plaintiff's consumer credit report without a permissible purpose, in violation of Cal. Civ. Code § 1785.11 and 1785.19.

52. By accessing Plaintiff's credit reports without a permissible purpose that amounts to intrusion upon seclusion and an invasion of privacy.

53. As a result of Defendants' illegal actions, Plaintiff has suffered an invasion of privacy, as well as damage to her credit and creditworthiness. Following the unauthorized hard inquiry, Plaintiff's credit score decreased. Unlike a soft inquiry, which does not impact a consumer's credit, a hard inquiry does negatively impact a consumer's credit score. Such damages are concrete and directly affect Plaintiff's creditworthiness, ability to benefit from her credit, and ability to utilize her credit.

54. Additionally, due to Defendant's actions, Plaintiff has also suffered actual damages in the form of emotional distress, worry, wasted time, frustration, anger, hypervigilance and hopelessness.

55. Furthermore, the Legislature enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. The banking system is dependent upon fair and accurate credit reporting; and inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

56. Consequently, the FCRA was enacted to insure fair and accurate

COMPLAINT FOR DAMAGES

reporting, promote efficiency in the banking system and protect consumer privacy.

57.    The alleged transgressions by Defendant would, if left unchecked in a competitive marketplace, naturally propagate had the Legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### U.S.C. §§ 1681, *ET SEQ.*

58.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

59.    The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

60.    As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

61.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### COUNT II
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING
### AGENCIES ACT
### CAL. CIV. CODE § 1785, *ET SEQ.*

62.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

COMPLAINT FOR DAMAGES

63. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

64. Defendant lacked any permissible purpose to obtain Plaintiff's credit reports under Cal. Civ. Code § 1785.11.

65. Defendant knowingly and willfully accessed or obtained data from Plaintiff's consumer files in violation of Cal. Civ. Code § 1785.19.

66. As a result of each and every violation, Plaintiff is entitled to civil penalties of not more than $2,500 pursuant to Cal. Civ. Code § 1785.19(a); actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1); punitive damages of not less than $100 and no more than $5,000 pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendants, as follows:

**FIRST CAUSE OF ACTION**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *ET SEQ.***

- An award of actual damages, in an amount to be determined at trial, of a maximum of $1000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n and/or § 1681o, against the Defendant for each incident of willful noncompliance to the FCRA;

COMPLAINT FOR DAMAGES

- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o, against the Defendant for each incident of negligent noncompliance of the FCRA;

- An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

- An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;  and

- Any and all other relief the Court deems just and proper.

### SECOND CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, *ET SEQ.*

- Actual damages, including court costs, and pain and suffering pursuant to Cal. Civ. Code § 1785.31(a);

- Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1); and Cal. Civ. Code § 1785.31(d);

- Punitive damages according to proof as to the CCRAA, including an award of punitive damages of $100-$5,000 per willful violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

- An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

COMPLAINT FOR DAMAGES

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY IS DEMANDED

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 20, 2026                                        Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: */s/ Pamela E. Prescott, Esq.*
     Pamela E. Prescott, Esq.
     Ashley LaPointe, Esq.
     *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES